This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38392**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**VALERIE R. PALOMBI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals her convictions for armed robbery, conspiracy to commit armed robbery, and resisting arrest. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

## Ineffective Assistance of Counsel

**{2}** Defendant's amended docketing statement claimed that the district court erred in excluding testimony of an alibi witness, Kimberly Delarosa, and that this should have

been corrected by granting Defendant's motion for a new trial. [DS 10] As Defendant conceded in her amended docketing statement [DS 10], Defendant stipulated to the exclusion of this testimony; therefore, even if we assume the ruling was in error, she waived her challenge to the court's ruling. *Cf. State v. Handa*, 1995-NMCA-042, ¶ 35, 120 N.M. 38, 897 P.2d 225 ("To allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice." (internal quotation marks and citation omitted)).

**{3}** Our calendar notice therefore interpreted Defendant's issues to raise an ineffective assistance of counsel claim based on the stipulation that the alibi testimony of Delarosa would be stricken from the record. "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687. . . (1984)[.]" *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.*

**{4}** Here, Delarosa, who is Defendant's biological mother, was originally allowed to testify as a character witness, but not as an alibi witness. [MIO 6] However, on the stand Delarosa did not limit herself to character testimony; she also claimed that Defendant was with her at the time of the robbery. [MIO 6] We conclude that defense counsel's decision to initially limit her to character testimony, and then to strike her alibi testimony, did not amount to a prima facie showing of ineffective assistance, because counsel could have believed this additional testimony was detrimental to the believability of the character testimony. *See State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 ("[I]f on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance."); *State v. Jacobs*, 2000-NMSC-026, ¶ 49, 129 N.M. 448, 10 P.3d 127 ("An attorney's decision to object [or not to object] to testimony or other evidence is a matter of trial tactics."). To the extent Defendant believes the issue has merit, she may pursue the matter in a habeas proceeding. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims). It follows that this does not also establish a prima facie showing of ineffective assistance of counsel by failing to request a new trial based on the exclusion of the alibi testimony.

**Sufficiency of the Evidence**

**{5}** Defendant continues to challenges the sufficiency of the evidence to support her convictions for armed robbery, conspiracy to commit armed robbery, and resisting arrest. [MIO 8] When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial

evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

{6}     In order to convict Defendant of armed robbery, the evidence had to show that Defendant took cash from Victims, intending to permanently deprive them of it, and did so while armed with a firearm and threatening force or violence. [RP 682] The jury was also instructed on accomplice liability. [RP 683] In order to convict Defendant of conspiracy, the evidence had to show that Defendant and another agreed to commit the armed robbery. [RP 686] In order to convict on the resisting charge, the evidence had to show that a police officer was acting in the lawful discharge of his duties, that Defendant knew he was a police officer, and that Defendant resisted the officer. [RP 687]

{7}     The State presented evidence that Defendant and other individual robbed a Subway shop while armed with a firearm and threatening force or violence. [MIO 2-6] Defendant's accomplice testified and described how the two planned and carried out the crime. [MIO 6] The State also presented a videotape of the incident, as well as testimony identifying Defendant as one of the two individuals involved in the robbery. [MIO 5-6] Finally, the State presented a lapel video of Defendant's arrest, where she was shown slipping out of her handcuffs, and also introduced evidence of a second incident of resisting that occurred at the police station. [DS 9] Given these facts, we conclude that the State presented sufficient evidence to support the convictions.

{8}     Based on the foregoing, we affirm the district court's judgment and sentence.

{9}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**